IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:18-cr-00042-AA |
| v. | **OPINION AND ORDER** |
| **NICHOLAS JAMES CANTRELL** | |
| Defendant. | |

AIKEN, District Judge:

This case comes before the Court on Defendant's Motion to Vacate or Correct sentence under 28 U.S.C. § 2255. ECF No. 18. For the reasons explained, Defendant's motion is DENIED.

## FACTUAL BACKGROUND

In 2017, Defendant was charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), after police found him in possession of a digital gram scale, seven grams of methamphetamine, and a firearm. *See* Case No. 3:17-CR-00257-AA. During the incident underlying his arrest, Defendant had also injected a person in his company with methamphetamine. While held at Multnomah County Detention Center awaiting federal pretrial custody, Defendant assaulted one of the guards.

Page 1 – OPINION AND ORDER

ECF No. 12 at 2. Defendant punched the guard, knocked him to the floor, and sat on him while repeatedly choking, punching, and slamming the guard's head against the concrete floor. *Id*. at 3. Defendant was federally charged with assaulting the guard, the conduct leading to this case, under 18 U.S.C. § 111 (a) and (b). Following a plea agreement, on June 13, 2018, the Court sentenced Defendant to 151 months' imprisonment for the assault, to be served concurrently with the 120 months' sentence imposed for his felon-in-possession offense in the related case noted above. ECF No. 16.

When sentencing Defendant for the assault, the Court considered Defendant's prior convictions, which constitute "crimes of violence" under United States Sentencing Guidelines ("USSG") § 4B1.2(a). The parties agreed that those prior convictions—Assault II in violation of ORS 163.175 and Coercion-Constituting Domestic Violence in violation of ORS 163.275—rendered him a "career offender" under USSG §4B1.1(b)(3). ECF No. 12 at 5.

On September 23, 2022, Defendant filed the Motion to Vacate his Sentence asserting as a basis for relief a newly recognized a right, made retroactively applicable to his case on collateral review, and in the alternative, that his counsel's representation at sentencing was constitutionally ineffective.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence when:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Further, section 2255 carries a one-year statute of limitations that runs from (as relevant here) the latest of—

(1) the date on which the judgment of conviction becomes final;

. . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

. . .

The statute also authorizes filing within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); *United States v. Blackstone*, 903 F.3d 1020, 1022–23 (9th Cir. 2018).

Under § 2255, "a district court must grant a hearing to determine the validity

Page 3 – OPINION AND ORDER

of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Withers*, 638 F.3d at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

## DISCUSSION

### I. Newly Recognized Right

Defendant's judgment became final on June 28, 2018, after the deadline for filing a notice of appeal on his judgment expired. ECF No. 16; Fed. R. App. P. 4(b)(1)(A); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). The one-year statute of limitations for filing a motion under 28 U.S.C. § 2255 had long passed when Defendant filed his motion on September 23, 2022.

Defendant argues that *Borden v. United States*, __ U.S. __ , 141 S. Ct. 1817 (2021) created a newly recognized right that is retroactively applicable to his collateral review and that, according to *Borden*, he is "actually innocent of a career offender enhancement and is excused from the statute of limitations and procedural default." ECF No. 18 at 5.

In *Borden*, the United States Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

Defendant contends coercion-constituting domestic violence under ORS 163.275 can be committed either knowingly or recklessly, and therefore, under *Borden*, cannot constitute a "violent felony" resulting in an enhanced sentence under the ACCA.

*Borden* does not apply because that case involves the interpretation of the ACCA, § 924(e), under which a person found guilty of illegally possessing a gun, and who has three or more prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory fifteen-year minimum sentence. Here, Defendant was sentenced not under the ACCA but under the advisory guidelines in USSG § 4B1.1(b)(3) for assaulting an officer in violation of 18 U.S.C. § 111 (a) and (b) and based on his prior crimes constituting crimes of violence under USSG § 4B1.2(a). And Defendant offers no support for his argument that coercion constituting domestic violence under ORS 163.275 is a crime that can be committed recklessly.

There is no indication in *Borden*—or in any other authority—that the *Borden*

court intended to extend its holding to any statute under which Defendant was charged or sentenced. The Supreme Court has repeatedly admonished lower courts that, when applying its holdings in other contexts, not to frame the court's precedents at high level of generality when determining what rights it has recognized. *See United Blackstone*, 903 F.3d at 1026. Defendant has not shown that the newly recognized right exception in § 2255(f)(3) applies. Accordingly, his motion is time-barred.

## II.  Ineffective Assistance of Counsel

Defendant contends that his counsel was constitutionally ineffective for failing to raise the above claims at sentencing. Counsel cannot be ineffective when the legal argument was foreclosed by existing precedent. *See United States v. Sturdevant*, 2022 U.S. App. LEXIS 6342, * 2 (9th Cir. Mar. 9, 2022) (argument on career offender was foreclosed by *United States v. Crum*, 934 F.3d 963 (9th Cir. 2009), and counsel was not ineffective for failing to raise it).

To succeed in his § 2255, Defendant must show both that: (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Under *Strickland*, a criminal defendant's counsel may be deemed ineffective only if counsel's performance falls outside the wide range of reasonable professional assistance." *Torres-Chavez v. Holder*, 567 F.3d 1096, 1100–01 (9th Cir. 2009) (citation and internal quotation marks omitted). Scrutiny of defense counsel's performance is highly deferential and there is a presumption that "the challenged action might be considered sound trial

strategy." *United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021) (citing *Torres-Chavez*, 567 F.3d at 1101).

Further, counsel's performance is evaluated at the time of the alleged error; courts should not evaluate the performance with the benefits of hindsight. *See Juliano*, 12 F.4th at 940. Thus, "ineffective assistance of counsel claims generally cannot be predicated on counsel's failure to anticipate changes in the law." *Id.* (counsel's failure to anticipate the passage of the First Step Act and the accompanying reduction in the enhanced mandatory minimum was not ineffective).

Here, Defendant's claim of ineffective assistance of counsel is time-barred because Defendant did not bring his motion within one year of the judgment becoming final.

## III. Certificate of Appealability

A final order in a § 2255 proceeding may be appealed only if a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may not issue unless the applicant has made a substantial showing of the denial of a constitutional right. of a constitutional right. In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court explained that a certificate of appealability under § 2253(c) is warranted when a habeas prisoner makes "a demonstration that . . . includes a showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at 483-84 (internal

quotation marks and citation omitted).  In this case, Defendant has failed to make the required showing and so the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons explained above, Defendants' Motion under 28 U.S.C. 2255, ECF No. 18, is DENIED.  The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated this  8th  day of May 2023.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge